## Scott et ux. v. Commonwealth

*William T. Connor* and *Therman P. Britt*, for plaintiffs.

*Leonard A. Talone*, for defendant.

CORSON, J., October 31, 1939.—On May 26, 1937, the Valley Forge Park Commission adopted a resolution under the provisions of the Act of July 19, 1935, P. L. 1362, being a final amendment to the Act of May 30, 1893, P. L. 183, designating certain tracts of land in Upper Merion Township, Montgomery County, for acquisition for park purposes in accordance with the said act.

On July 23, 1937, certified copies of such resolution were served upon the owners of the various tracts of land so designated in said resolution. Among the lands so designated was a certain tract owned by John R. K. Scott and Nellie Hardie Scott. Copies of the resolution were served upon the Scotts showing the designation of their property for acquisition for park purposes.

On December 28, 1938, the commission adopted a further resolution directing property owners, whose lands had been so designated, to vacate, and on January 13, 1939, and subsequent thereto, notices were served on the various property owners.

Paragraph 5 of the present petition sets forth that on June 28, 1938, the commission, at a regular meeting, rescinded its resolution of May 26, 1937.

The sixth paragraph of the petition alleges that on August 1, 1939, notice of such rescission was served upon the Scotts, such notice also advising that the lands designated in the original resolution were no longer required by the Commonwealth. We feel that a typographical error was made in stating that the resolution was rescinded on June 28, 1938, and should have read June 28, 1939. This typographical error is apparent in view of the third paragraph alleging notice on December 28, 1938, to the owners of the property designated to vacate.

In the present rule the Commonwealth contends that the hearing before the jury of view and all proceedings up to the present time are part of condemnation proceedings by the State to obtain title to the Scott property. The Scotts contend that title to the property designated in the resolution of May 26, 1937, passed to the State upon the adoption of the resolution and that subsequent proceedings were only for the purpose of determining the amount to be paid by the Commonwealth for the property to which it had already taken title. It is true that in condemnation proceedings such proceedings may be withdrawn while they are still pending and undetermined upon paying to those affected all costs, expenses, and

damages which they incurred or suffered by reason of the proceedings: Reinbold v. Commonwealth, 319 Pa. 33, 35 (1935). The question, however, of whether or not the proceedings are still pending and undetermined refers to the question of title and not to the question of whether or not the proceedings to fix the liability of the State are or are not still pending and undetermined. This same case would seem to be authority for the rule that the right to withdraw the proceedings depends greatly upon the wording of the particular act under which the proceedings are brought. Under the Act of July 15, 1919, P. L. 976, applicable in the Reinbold case, supra, it was provided in section 7 that "The Board of Commissioners of Public Grounds and Buildings *shall have the right*, upon the filing of any report of viewers, to enter upon and take possession of the property *to be acquired*, without the filing of any bond or other security. . . ." (Italics supplied.) The court, in the Reinbold case, held that since there had not been any report filed by the board of viewers, the State did not have any right to enter upon, or take possession of, the property. The phrase in the act, "to be acquired", also would indicate that no title had passed to the condemnor until at least after the filing of the report of the jury of view.

In the present case, however, the Act of 1893, supra, and its latest amendment in the Act of 1935, supra, provide:

"That for the purpose of perpetuating and preserving the site on which the Continental Army, under General George Washington, was encamped in winter quarters at Valley Forge . . . the title to and ownership in the ground covering said site . . . in all not exceeding five thousand acres, the location and boundaries thereof to be fixed by the commissioners of Valley Forge Park, shall be vested in the State of Pennsylvania. . . ." We feel that under this act as it has been construed, as soon as the commissioners have designated any tract of land as being part of the original camp site and the property

owners have been notified, title to such land passes to the Commonwealth of Pennsylvania. The Commonwealth has the power to appropriate property directly by statute: Smedley v. Irwin et al., 51 Pa. 445 (1866).

In the present case it would seem that the Commonwealth has not granted the right of eminent domain but has directly exercised its sovereign right of eminent domain by directly taking title to this certain camp site, such title vesting in the State upon the designation of the park commissioners that any particular piece of ground was part of such site. This act, of course, would not be constitutional if some method were not provided for paying just compensation for the ground so taken. Section 3, however, of the Act of 1893, supra, provides the method by which the amount of such compensation shall be determined and the propriety and sufficiency of this method of payment has been upheld in the case of Commonwealth v. Stephens et al., 114 Pa. Superior Ct. 126 (1934). The view adopted by our court in this opinion also follows an opinion of the present president judge of the Superior Court, then a Deputy Attorney General, in the Report and Official Opinions of the Attorney General of Pennsylvania for 1917 and 1918, at page 692. See also page 722 of said reported opinions in which the Hon. Francis Shunk Brown, then Attorney General of the Commonwealth, at page 723, stated:

"The power of the Commissioners is limited to designating and marking the boundaries of the land deemed expedient by them to be acquired and as soon as this is done, the title is immediately vested in the State."

In the present case it is shown by the depositions that the State also surveyed and staked the designated part of the Scott property. This action was "such an actual taking under the power of eminent domain, as invests the donee of the power with title": Wood v. Trustees of the State Hospital, etc., 164 Pa. 159 (1894). We do not, of course, feel that the Wood case has any application in

the present case because of our finding that title passed even before the staking of the ground by the State.

And now, October 31, 1939, for the reasons given in the foregoing opinion, the rule to show cause why the Commonwealth of Pennsylvania, by Valley Forge Park Commission, should not be allowed to withdraw from the condemnation proceedings and why the appointment of the jury of view should not be set aside, is discharged. An exception is allowed to petitioner in the rule.